LUCY A. ACOCK, Defendant in Error, *vs.* RICHARD STUART, Plaintiff in Error.

1. *Sheriff's deed—Recitals as to judgment in favor of administrator.*—The record entry of a judgment recited its rendition in favor of A. and B. The execution recited judgment of same date for same sum and against same defendant, but in behalf of A. & B., as administrators, and alleged that their letters had been revoked, and that execution had been ordered in the name of the public administrator, and the substitution was shown by the court records. *Held,* that the record taken together, sufficiently showed that the judgment was in favor of A. & B., in their administrative capacity, and that a sheriff's deed reciting such judgment, was not *quoad hoc* defective.

*Wright & Johnson,* for Plaintiff in Error, cited in argument, Wagn. Stat., 601; Crittenden vs. Leitensdorfer, 35 Mo., 239.

*John S. Phelps,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for several hundred acres of land situated in Polk county.

Both parties claim title under Esau Stuart, the plaintiff, by virtue of two sheriffs' deeds, and the defendant by a subsequent deed from Esau Stuart, who was the defendant in the execution sales, and sheriffs' deeds under which the plaintiff claims.

The only material question raised and discussed here, is whether the sheriff's deeds recited properly the judgment and executions, and whether such executions corresponded with the judgment that had been rendered by the Polk Circuit Court against Esau Stuart.

The two sheriff's deeds recited substantially that the executions were issued on a judgment in favor of James Atkinson and Benjamin F. Acock, as administrators of Robert E. Acock deceased, rendered on the 21st day of October, 1863, for $2,577.30 debt, and $500 damages against Esau Stuart.

After the plaintiff had closed her case by reading the sheriff's deed and proof of damages, the defendant read the entry of the judgment, from the record, which was rendered on the

21st of October, 1863, and it was agreed that this was the judgment referred to in the sheriff's deeds, and was the only judgment against Esau Stuart. The judgment as entered, is for $2,577.30 debt and $500 damages, and is in the following form:

"Atkinson and Acock ⎫
    vs.                   ⎬   Civil action.
  Esau Stuart.       ⎭

Now at this day come the plaintiffs, and it appearing to the satisfaction of the court that the writ of summons has been duly served, etc." The entry then proceeds to render up a regular judgment against the defendant, Esau Stuart. The defendant then read the executions under which the sheriff's sales and deeds were made, which appear to have issued on a judgment for the same amount and of the same date as this above, but recite the judgment as being in favor of the plaintiffs as administrators of Robert E. Acock, deceased.

One of the executions further recites that the letters of administration of Acock and Atkinson had been revoked, and that execution had been ordered to issue on this judgment in the name of Millikan, as public administrator of Polk county, having charge of the estate of Robert E. Acock, deceased.

The plaintiff then read an entry from the records, which recited that a judgment had been rendered on the 21st day of October 1863, in favor of Benjamin F. Acock and James Atkinson, as administrators of the estate of Robert E. Acock deceased, against Esau Stuart, and on the petition of Alexander Millikan, public administrator of Polk county, the court being satisfied of the facts, ordered execution on this judgment to be issued in favor of the public administrator, inasmuch as the letters of administration of the plaintiffs had been revoked. This execution was issued, and was one of the executions under which one of the sheriff's sales and deeds were made.

The simple question in the case is, whether the whole record as it stands before us, shows that the judgment which was entered on the Circuit Court records in the name of

Acock and Atkinson, was really in their names as administrators of Robert E. Acock, deceased.

The petition in that case is not before us. That ought to determine whether the judgment was in their individual or representative capacities. The Circuit Court determined, in ordering the execution to issue in the name of the public administrator, that this judgment was in their representative capacities, as administrators of Robert E. Acock, deceased. And as it was agreed that there was no other judgment, we must presume that the whole record, including the petition, taken together, demonstrated the representative character of this judgment.

Why neither party introduced the original petition on the trial, we are at a loss to imagine. That would have shown beyond dispute the real character of this judgment. But we think it sufficiently appears from the record, as it stands before us, that the judgment was not in their individual but in their representative capacities as administrators.

The Circuit Court took this view of the case, and rendered judgment in favor of the plaintiff. We see no good reason to decide otherwise. The judgment will therefore be affirmed. The other judges concur.